## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **ALEX KLEINERT**, | Case No. 2:19-cv-12773 |
| Petitioner, | HON. TERRENCE G. BERG |
| **v.** | **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTIONS FOR AN EVIDENTIARY HEARING [ECF NO. 17], DISCOVERY [ECF NO. 18], AND APPOINTMENT OF COUNSEL [ECF NO. 19]; DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |
| **CONNIE HORTON**,[1] | |
| Respondent. | |

This is a 28 U.S.C. § 2254 habeas action brought *pro se* by Alex Kleinert, a Michigan state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner, who is serving a sentence of twenty-five to fifty years, challenges his jury conviction in the Iosco County Circuit Court for first-degree criminal sexual conduct, Mich.

---

[1] The Court amends the caption to reflect the name of Petitioner's current warden. *See* Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Comp. Laws § 750.520b(2)(b). The petition raises several claims of error,

including insufficiency of the evidence, ineffective assistance of counsel,

prosecutorial misconduct, and Petitioner's absence during jury selection.

For the reasons discussed below, the Court will deny the habeas petition.

The Court will also deny a certificate of appealability.

## I.   BACKGROUND

Petitioner was convicted by an Iosco County Circuit Court jury of

first-degree criminal sexual conduct, in violation of Mich. Comp. Laws §

750.520b(2)(b). *People v. Kleinert*, No. 326356, 2016 WL 2909151, at *1

(Mich. Ct. App. May 17, 2016). The Michigan Court of Appeals

summarized Petitioner's case as follows:

> The 12–year–old complainant testified that Kleinert digitally
> penetrated her in her father's house while they were lying on
> a couch watching television. Others were present at the time,
> including the complainant's sister, who was dating Kleinert
> and was asleep on the couch. The complainant reported the
> incident to her grandmother who then called the police
> department.

*Id*. Petitioner received a mandatory minimum sentence of twenty-five

years to a maximum of fifty years. Sent. Hr. Tr., ECF No. 12-8,

PageID.246.

On direct appeal, Petitioner argued trial counsel was ineffective for failing to oppose the admission at trial of "other acts" evidence that Petitioner had engaged in inappropriate sexual contact with another minor. *Id*. The court of appeals affirmed Petitioner's conviction. *Kleinert*, 2016 WL 2909151, at *1. The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Kleinert*, 500 Mich. 883 (2016) (Mem).

Petitioner returned to the state trial court with a motion for relief from judgment, which raised six issues: (1) violation of his right to a speedy trial; (2) "[c]oercion by threats of criminal acts"; (3) abuse of authority by the judge; (4) witness tampering; and two theories of ineffective assistance of counsel: (5) failing to object to the "other acts" evidence and (6) failing to object to the scores for three offense variables under the Michigan Sentencing Guidelines. Mot., ECF 14-1, PageID.499, 512, 517. The motion included eleven "additional issues," among them, Petitioner's absence from the courtroom during jury selection, ineffective assistance of counsel for counsel's opening argument and witness issues, the presence of a screen between Petitioner and the victim while she testified, and several citations of inconsistent testimony. *Id*. at PageID.500. The listed issues were unnumbered and were not briefed.

Approximately four months after he filed his motion for relief from judgment, Petitioner filed a motion to amend it to add five issues "abandoned" by his appellate attorney on direct appeal. *Id*. at PageID.540. The issues Petitioner sought to add were as follows: (7) prosecutor perjury in bad faith; (8) insufficient evidence of penetration; (9) Petitioner not present for jury selection; (10) trial counsel completely failed to object to the prosecutor's perjured misconduct and other errors; and (11) ineffective assistance of appellate counsel, for failing to conduct a reasonable investigation of the record. *Id*. at PageID.541.

The register of actions at the state trial court lists Petitioner's motion for relief from judgment, filed February 28, 2018; his July 2, 2018 motion to amend the motion for relief from judgment; and a motion for reconsideration on July 30, 2018. ECF No. 12-1, PageID.72. On July 10, 2018, the court denied Petitioner's motion to amend in an order stating, "[t]his Court having read and considered Defendant's Motion to Amend Relief from Judgment and is hereby denying said Motion." Ct. App. Rec., No. 345353, ECF No. 12-11, PageID.415. The Court did not explain the reasons for its denial. On July 30, 2018, the court denied Petitioner's motion for reconsideration using similar language. *Id*. at PageID.416.

The register of actions contains no order that disposes of the original motion for relief from judgment.

Petitioner filed an application for leave to appeal the trial court's rulings, first challenging its denial of his motion to amend the motion for relief from judgment. Mich. Ct. App. Rec., No. 345353, ECF No. 12-11, PageID.409. His other claims of error were prosecutor perjury, insufficient evidence of penetration, his absence from jury selection, and ineffective assistance of trial and appellate counsel. *Id*. at PageID.410-11. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *Id*. at PageID.394. The Michigan Supreme Court also denied leave in a standard form order. *People v. Kleinert*, 504 Mich. 946 (2019) (Mem).

Petitioner filed his original habeas petition on December 4, 2017. Case No. 17-13905, ECF No. 1. This Court granted his request to stay the petition so he could return to the trial court to exhaust his issues, and administratively closed the case. Case No. 17-13905, ECF No. 5.

Now before the Court is Petitioner's amended petition filed September 24, 2019. ECF No. 1. He raises the following grounds for relief:

I. No DNA evidence or testimony to support 1st degree CSC 750.520(B)(2)(b) or any sufficient facts to prove 1st degree 750.520(B)(2)(b) "penetration."

II. Not present for jury selection.

III. Prosecutor committed perjury.

IV. Ineffective Assistance of Counsel.

An "Opening Summary Supplemental Brief" precedes the petition. ECF No. 1, PageID.1. In that summary, Petitioner asserted his innocence, and raised several additional challenges to his conviction which were neither factually supported nor briefed in the body of his petition. ECF No. 1, PageID.2-4. Respondent filed a response to the petition, addressing issues I through IV. ECF No. 13.

Petitioner filed a Traverse, replying to the State's response. ECF No. 16. In that pleading, Petitioner argued three additional issues, which were also mentioned in the preface to his habeas petition: the use of a screen between Petitioner and the victim during her testimony, sentencing guidelines issues, and the violation of his speedy trial rights. *See* ECF No. 16, PageID.576-77.

## II.   LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law, "as determined by the Supreme Court of the United States" at the time the state court renders its decision. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362,

412 (2000); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (citations omitted).

The "AEDPA . . . imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[A]n opinion from the state court explaining the state court's reasoning" is not required for a habeas court to "determin[e] whether a state court's decision resulted from an unreasonable legal or factual conclusion[.]" *Id.* at 98 (citations omitted).

*Harrington* held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principle to the contrary." *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012) (citing *Harrington*, 131 S. Ct. at 784–85). However, "this presumption is not . . . irrebuttable: '[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely.'" *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 460 (6th Cir. 2015) (quoting *Harrington*, 131 S. Ct. at 785); *accord*, *Johnson v. Williams*, 568 U.S. 289, 301 (2013) (characterizing the presumption that "the federal claim was adjudicated on the merits" as "strong but rebuttable"). A claim "inadvertently overlooked in state court . . . entitles the prisoner to an unencumbered opportunity to make his case before a federal judge." *Williams*, 568 U.S. at 303. AEDPA deference does not apply to claims not addressed on the merits by the state courts, and they must be reviewed *de novo*. *Werth*, 692 F.3d at 492, 493 (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III. DISCUSSION

## A. AEDPA deference does not apply to Petitioner's claims

A federal habeas court must first determine "whether AEDPA deference or *de novo* review applies[,]" which the Sixth Circuit has called "a crucial, preliminary analytical step[.]" *Ray v. Maclaren*, 655 F. App'x 301, 308, 310 (6th Cir. 2016) (citing *Robinson v. Howes*, 663 F.3d 819, 822 (6th Cir. 2011)) (other citations omitted). Petitioner is entitled to *de novo* review, because his claims were "inadvertently overlooked in state court." *Williams*, 586 U.S. at 303; *Ray*, 655 F. App'x at 310 (quoting *Williams*, *supra*).

First, the trial court failed to enter an order that addressed Petitioner's original motion for relief from judgment. *See* Reg. Actions, ECF No. 12-1, PageID.72. The court's only post-conviction orders denied Petitioner's motions to amend his original motion and for reconsideration of that denial. Ct. App. Rec., No. 345353, ECF No. 12-11, PageID.415-16. Both were entered without explanation.

In his application for leave to appeal to the Michigan Court of Appeals, Petitioner challenged the trial court's denial of his motion to amend and raised several claims of error from his motions for relief from

judgment, including the four grounds for habeas relief now before the Court. *See id.*, PageID.410-11. The Michigan Court of Appeals denied leave based on a "lack of merit[.]" *Id.* at PageID.394.

Respondent contends that both the court of appeals and the trial court's decisions should be "presumed to be an adjudication on the merits[,]" and insists that Petitioner has not overcome *Harrington's* presumption. Resp. Br., ECF No. 13, PageID.465. Respondent's argument relies on "the lack of language indicating the trial court denied the claims raised in [Petitioner's motions] based on a procedural default." *Id*. Respondent also suggests the trial court's denial of Petitioner's motion to amend "appears to have implicitly denied [Petitioner's] initial motion for relief from judgment." *Id*. at PageID.457. In view of the trial court's specific naming of the motions before it in both its orders, *see* Ct. App. Rec., No. 345353, ECF No. 12-11, PageID.415-416, the Court finds Respondent's last argument particularly unpersuasive.

Instead, Petitioner's situation appears analogous to that of *Brown v. Romanowski*, 845 F.3d 703 (6th Cir. 2017). "[W]hen a state court addressed *all* of the claims raised in a petitioner's original post-conviction motion but did not acknowledge *any* of the claims raised in his amended

motion," the Sixth Circuit concluded the amended motion had been "'inadvertently overlooked[.]'" *Smith v. Cook*, 956 F.3d 377, 386 (2020), *cert. denied*, 141 S. Ct. 1111 (2021) (citing *Brown*, 845 F.3d at 712) (emphasis in original). Here, the trial court ruled on Petitioner's motion to amend (though without explanation), but failed completely to rule on or even acknowledge Petitioner's original motion.

Accordingly, because the trial court did not rule on Petitioner's original motion for relief from judgment, there was no judgment below, let alone a "reasoned" one, on which the state court of appeals opinion could have relied. *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)) ("[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.")

Further, where the state court of appeals "did not have the lower court record when it rendered its decision," it "could not have denied [a] petition on the merits . . ." *McClellan v. Rapelje*, 703 F.3d 344, 350 (6th Cir. 2013). The same is true here: By its own policies and procedures, the Michigan Court of Appeals would not have had Petitioner's trial court

record. *See* Mich. Ct. App. IOP 7.205(B)(1) ("[T]he Court does not receive the lower court record for purposes of considering whether to grant or deny applications for leave to appeal.").

Accordingly, on the threshold question of the proper review standard, the Court finds that none of Petitioner's claims were adjudicated on the merits in a state court proceeding for the purposes of 28 U.S.C. § 2254(d). AEDPA deference therefore does not apply. However, as explained further below, even under the "more searching level of [de novo] review[,]" *Brown*, 845 F.3d at 712, none of Petitioner's claims entitle him to relief.

## B. Insufficient evidence

Petitioner's first claim of error is that insufficient evidence supports his conviction of first-degree criminal sexual conduct. He bases that assertion on the lack of DNA evidence or evidence of injury and on inconsistencies in the victim's and other witnesses' testimony. *See*, *e.g.*, Trav., ECF No. 16, PageID.570-71.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

*In Re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry when reviewing a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020), *reh'g denied* (July 1, 2020), *cert. denied*, 141 S. Ct. 634 (2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in the original). Reviewing courts "do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Id*. (citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)); *accord*, *United States v. Sullivan*, 431 F.3d 976, 982 (6th Cir. 2005). "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in the testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)).

The elements of first-degree criminal sexual conduct which apply to Petitioner's case are (1), the defendant engaged in sexual penetration, and (2), with a person under 13 years of age. *People v. Duenaz*, 306 Mich. App. 85, 106 (2014) (citing Mich. Comp. Laws § 750.520b(1)(a)).

"'[P]enetration' is *any* intrusion, however slight, into the vagina or the labia majora." *People v. Lockett*, 295 Mich. App. 165, 188 (citing Mich. Comp. Laws § 750.520a(r)) (other citation omitted) (emphasis in original).

Victim SD testified that she woke up to Petitioner touching her in her private area, that his fingers were inside her, and that it hurt. Trial Tr., 1/14/15, ECF No. 12-7, PageID.163-64, 166. The doctor who treated SD the day after she reported the offense testified SD told her that Petitioner had placed his hand in SD's vagina. *Id.* at PageID.178. Two police officers encountered SD at her grandmother's house, where she fled after the assault. Both testified SD was visibly very upset and that she reported that Petitioner had put his fingers in her vagina. *Id.* at PageID.181-82, 187. SD's testimony, as well as the testimony of the police officers and doctor, establish that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith*, 962 F.3d at 205.

Petitioner cites inconsistencies in the victim's testimony. After initially saying she did not know whether Petitioner touched her inside or outside, *id.*, SD testified that his fingers were inside, and that she was

sure of that fact. Trial Tr., 1/14/15, ECF No. 12-7, PageID.166. However, "discrepancies" in a witness's testimony "are irrelevant to the sufficiency of the evidence analysis because they improperly ask us to weigh the evidence or to assess [the witness's] credibility." *United States v. Sanders*, 404 F.3d 980, 987 (6th Cir. 2005) (citation omitted); *see also Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (attacks on witness credibility challenge the quality, but not the sufficiency, of the government's evidence).

Petitioner also relies on the lack of DNA or injury evidence to support his claim of insufficient evidence. As demonstrated by the elements, neither is necessary to prove criminal sexual conduct. In addition, "the testimony of a rape victim alone is sufficient to support a defendant's conviction." *United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000) (citing *Gilbert v. Parke*, 763 F.2d 821, 826 (6th Cir. 1985); *United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966)).

For all the foregoing reasons, Petitioner is not entitled to relief on the grounds that his conviction was not supported by sufficient evidence beyond a reasonable doubt.

## C. Petitioner was not present for jury selection

Petitioner next argues that he was not present for jury selection. "A criminal defendant has a constitutional right to be 'present at all stages of the trial where his absence might frustrate the fairness of the proceedings[.]'" *United States v. Riddle*, 249 F.3d 529, 534 (6th Cir. 2001) (citing *Faretta v. California*, 422 U.S. 806, 819 n. 15 (1975); *United States v. Gibbs*, 182 F.3d 408, 436 (6th Cir. 1999)). But "the right to be present at voir dire is not one of those structural rights whose violation constitutes per se error. Rather, there must be prejudice in the absence to warrant reversal." *Id*. at 535 (citing *Gibbs*, 182 F.3d at 437).

Petitioner has not identified any prejudice from his purported absence during jury selection. More importantly, the trial transcript refutes Petitioner's claim. After the jury pool was sworn in and the first thirteen potential jurors seated, and before voir dire commenced, the trial court introduced Petitioner and the attorneys. Trial Tr., 1/14/15, ECF No. 12-7, PageID.147. The court said, "the charge of First Degree Criminal Sexual Conduct . . . has been made against the defendant, who is Alex Thomas Kleinert. Mr. is [sic] Kleinert seated at counsel table." *Id*. Defense counsel also referred to Petitioner during voir dire, when he told

the jury pool, "if you were sitting in the seat that Mr. Kleinert's sitting in, you would want a jury" who would swear to follow the court's rules. *Id.* at PageID.155.

The record indicates Petitioner was present, directly contradicting Petitioner's claim he was absent from jury selection. Even if he were absent, Petitioner does not explain how his absence would have caused him any prejudice. He is not entitled to relief on this issue.

## D. Prosecutorial misconduct

Petitioner next argues the prosecutor "committed perjury in bad faith" to establish penetration for the purposes of the first-degree criminal sexual conduct conviction. Pet., ECF No. 1, PageID.11. "The 'deliberate deception of court and jury by the presentation of testimony known to be perjured' violates a defendant's due-process rights." *Monea v. United States*, 914 F.3d 414, 421 (6th Cir. 2019) (quoting *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). "To prevail on such a claim, [a petitioner] must show that the Government knowingly presented false testimony that materially affected the proceeding." *Id.* However, "'mere inconsistencies' in the testimony will not suffice." *Id.* Instead, the burden is on the petitioner to "prove that the Government's testimony was

'indisputably false.'" *Id.* (citing *United States v. Lochmondy*, 890 F.2d 817, 822-23 (6th Cir. 1989)).

None of Petitioner's claims of perjury by the victim and her doctor meet *Monea*'s criteria. First, Petitioner objects to the victim's inconsistent statements about penetration and to the prosecutor leading the child witness. Trav., ECF No. 16, PageID.572-73. Again, inconsistent testimony does not establish perjury. *Monea*, 914 F.3d at 421.

Further, "[i]t is well recognized that the use of leading questions during the direct examination of a witness falls within the sound discretion of the trial court." *United States v. Pugh*, 404 F. App'x 21, 28 (6th Cir. 2010) (citing *United States v. Shoupe*, 548 F.2d 636, 641 (6th Cir. 1977)). Courts have permitted leading questions to vulnerable witnesses, such as "a child sexual abuse victim, . . . an unusually soft-spoken and frightened witness, and a mentally retarded adult who was the victim of sexual abuse." *Jordan v. Hurley*, 397 F.3d 360, 363 (6th Cir. 2005) (citations omitted).

Here, after twelve-year-old victim SD stated she did not know whether Petitioner touched "inside . . . or outside [her] privates," she affirmatively answered the prosecutor's question whether she told the

doctor that he had touched her "inside a little bit." Trial Tr., ECF No. 12-7, PageID.163-64. She also confirmed that Petitioner "put his fingers inside of [her] a little bit." *Id*. at PageID.164. The prosecutor's leading questions were proper under *Pugh* and *Jordan*.

Petitioner also contends that the doctor's testimony shows there were "no findings" and therefore no penetration. Trav., ECF No. 16, PageID.572. The witness did testify that "there were no findings . . . no physical trace of what had occurred." Trial Tr., ECF No. 12-7, PageID.178. However, the doctor explained this was consistent with "hand to vagina" contact in general, and with the victim's report that Petitioner "had placed his hands in her vagina." *Id*. The lack of injury or physical evidence of penetration does not establish perjury. Petitioner has not demonstrated either the doctor's or the victim's testimony was "indisputably false." *Monea*, 914 F.3d at 421.

Because none of the testimony Petitioner challenges was false or perjured, the prosecutor did not elicit false testimony. Nor was her questioning of these witnesses misconduct. Prosecutorial misconduct violates the Constitution only if a prosecutor's comments "'so infected the trial with unfairness as to make the resulting conviction a denial of due

process.'" *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (quoting *Darden v. Wainwright*, 477 U.S. 168 (1986)).

Because the testimony was at most inconsistent and not false, the prosecutor did not commit misconduct or elicit perjury. Petitioner was not denied a fair trial, and he is not entitled to habeas relief on this issue.

## E. Ineffective assistance of counsel

In his fourth claim for relief, Petitioner argues his trial counsel was constitutionally ineffective because he persuaded the jury of Petitioner's guilt in his opening statement, he never called Petitioner's witnesses, but did call a "felon" to the stand without Petitioner's knowledge, and he never asked Petitioner whether he wanted the jury polled after it returned a conviction. Pet., ECF No. 1, PageID.13; *see also* Trav., ECF No. 16, PageID.574-75 (numbering the ineffective assistance theories Grounds Four through Seven). None of Petitioner's claims have merit.

Claims of ineffective assistance of counsel are evaluated under the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). That is, a habeas petitioner must first show "that counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Lafler*, 494 F. App'x 526, 532 (6th Cir. 2012) (per curiam) (quoting *Strickland*, 466 U.S. at 694)).

Even without the application of AEDPA deference, *Strickland* presents a high bar. It requires a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Strickland*, 466 U.S. at 689). *Strickland* mandates a presumption that the challenged action by counsel "might be considered sound trial strategy" under the circumstances, *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citing *Strickland*, 466 U.S. at 689). *Strickland* held that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" 466 U.S. at 690.

Petitioner objected to his trial attorney's statement that if the jury believes the prosecution's evidence, it must find him guilty. ECF No. 16, PageID.574; Trial Tr., ECF No. 12-7, PageID.160. He further objected to

counsel referring to his accuser as the "victim"; to acknowledging that Petitioner himself, as the defendant, had a motivation to lie; and to counsel's observation that because Petitioner had been charged, "automatically he's guilty." *Id.*

The Sixth Circuit observes that it looks at potentially "damaging or at least unhelpful" remarks by counsel not in isolation but in context. *Moore v. Mitchell*, 708 F.3d 760, 790 (6th Cir. 2013) (citing *United States v. Lostia*, 20 F. App'x 501, 502 (6th Cir. 2001)). Here, all of the comments Petitioner cites, placed in context, had a strategic purpose. Counsel challenged the victim's story and the jury's potential assumption that a charged individual is automatically guilty, and explained why the victim might be motivated to lie.

The remainder of Petitioner's ineffective assistance theories also fail. Petitioner claims other witnesses, if called, would have testified on his behalf. But Petitioner failed to provide an offer of proof or affidavits of the witnesses' proposed testimony. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, cannot support a claim for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). Nor can Petitioner establish prejudice by counsel's failure

to call his witnesses without evidentiary support. *Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007).

Petitioner objects to a witness called by his trial counsel to undermine the testimony of a prosecution witness who shared a cell with both men. But which witnesses to call and what evidence to present are strategic decisions within the purview of defense counsel. *Deuman v. United States*, No. 17-1692, 2017 WL 6379607, at *2 (6th Cir. 2017) (citing *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney")); *see also United States v. Best*, 426 F.3d 937, 945 (7th Cir.2005) ("[A] lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review); *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998).

Finally, Petitioner complains that counsel never asked Petitioner whether he wanted the jury polled after it returned his conviction. For this omission to provide grounds for habeas corpus relief, Petitioner's conviction must have resulted from the violation of a federal or constitutional right. 28 U.S.C. § 2254(a). But "[t]he Bill of Rights is silent on the issue of polling a jury, and the Supreme Court has never

articulated any constitutional requirements under the Due Process Clause." *Rhea v. Jones*, 622 F. Supp. 2d 562, 593 (W.D. Mich. 2008) (further noting that where the Supreme Court has addressed the issue, its decisions "indicate that a jury poll is not constitutionally required.") (citation omitted). *Accord*, *Cabberiza v. Moore*, 217 F.3d 1329, 1336 (11th Cir. 2000) ("Although polling the jury is a common practice, we know of no constitutional right to have a poll conducted.") (collecting cases).

In addition, Petitioner made no offer of proof or provided any other basis to establish that a jury poll would have indicated the verdict was less than unanimous. Accordingly, Petitioner has not demonstrated counsel was ineffective for not asking whether he wanted the jury polled. Petitioner is not entitled to habeas relief on any of his theories of ineffective assistance of counsel.

## F. Additional grounds for relief

Petitioner listed several claims in an introductory section to his habeas petition which he did not expressly identify as grounds for relief in the habeas form itself. Petitioner further elaborated on three of those claims in his Traverse, noting that Respondent failed to respond to those issues. *See* ECF No. 16, PageID.576-77; *see also* Mot. Ev. Hrg., ECF No.

17. Liberally construing Petitioner's pleadings as the Court must, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it appears he believes he raised three grounds not listed as such in his amended habeas petition: Ground 8,[2] "Right to face accuser," objecting to the placement of a screen between him and the victim; Ground 9, that the trial court exceeded sentencing guidelines and permitted the victim's father to speak at the sentencing hearing; and Ground 10, that his "180-day rule" and speedy trial rights[3] were violated. ECF No. 16, PageID.576-77.

A habeas petition by a state prisoner may not be granted unless the prisoner has exhausted all available state remedies for each of the claims presented in the petition. 28 U.S.C. § 2254(b)(1). This is accomplished by "fairly present[ing]" to the state courts both the factual and legal bases for the habeas claims. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A Michigan prisoner must properly present each issue he or she

---

[2] The Traverse listed the four theories of ineffective assistance of trial counsel included in Ground IV in his habeas petition as Grounds 4 through 7. ECF No. 16, PageID.574-75.

[3] Petitioner included the speedy trial rights issue in his original habeas petition before obtaining a stay. Case No. 17-13905, ECF No. 1. He did not include the issue in his amended petition.

seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)).

Petitioner had identified the three grounds above when he filed his original habeas petition and his motion for relief from judgment in the state court. *See* Case No. 17-13905, Pet., ECF No. 1, PageID.5 (speedy trial violation), 15 (witness screen); Case No. 19-12773, Mot., ECF 14-1, PageID.500 (screen, sentencing challenge). When his original petition was stayed, Petitioner had the opportunity to return to the state courts to exhaust these issues.

However, having carefully reviewed Petitioner's briefs both for his direct appeal and his applications for leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court, the Court finds Petitioner "fairly presented" none of these additional issues in the state appellate courts. They are therefore unexhausted. The additional grounds cannot be the basis for habeas relief. 28 U.S.C. § 2254(b)(1).[4]

---

[4]    The Court notes that Petitioner's unexhausted issues also lack merit. The use of a screen at trial between a child witness and the defendant charged with sexually assaulting her must be justified by a

## G. Petitioner's motions

Also before the Court are Petitioner's motions for the appointment of counsel, discovery, and an evidentiary hearing. First, there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Because Petitioner's claims lack merit, the Court will deny Petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

As to Petitioner's request for discovery, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery

---

"particularized showing" of the screen's necessity. *White v. Illinois*, 502 U.S. 346, 357 (1992) (analyzing *Maryland v. Craig*, 497 U.S. 836 (1990); *Coy v. Iowa*, 487 U.S. 1012 (1988)). Here, Petitioner's counsel at trial stipulated that the requirements for such a screen were met. *See* Pretrial Hr. Tr., 8/11/14, ECF No. 12-5, PageID.130. An attorney may waive certain rights on behalf of a defendant, *New York v. Hill*, 528 U.S. 110, 114 (2000); and Confrontation Clause rights are among those that may be waived by counsel. *Smith v. Cook*, No. 17-4118, 2020 WL 1875172 (6th Cir. Apr. 15, 2020), *cert. denied*, 141 S. Ct. 1111 (2021) (collecting cases).

Petitioner's speedy trial rights and sentencing claims also fail on the merits. Habeas relief is not available "for errors of state law," *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), and none of Petitioner's other allegations establish a Due Process violation.

as a matter of ordinary course." *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A habeas petitioner may be permitted discovery if he or she "'presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate.'" *Id.* (quoting *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009)).

In his discovery request, Petitioner seeks "DNA on record" (although in the next sentence he states "there is no DNA evidence on record to support" his conviction); the criminal records of two witnesses, to show they are convicted felons; police reports to demonstrate inconsistencies in witness testimony; and reports by a physician and Child Protective Services. ECF No. 18, PageID.588-89. Such evidence would appear to be used for the purpose of challenging the sufficiency of the evidence. But federal habeas courts do not re-weigh the evidence. As such, none of Petitioner's descriptions of the evidence sought and their purpose lead this Court to believe further factual development would support habeas relief.

Finally, Petitioner seeks an evidentiary hearing. Under 28 U.S.C. 2254(e)(2), "the court shall not hold an evidentiary hearing" on a claim for habeas relief unless the petitioner relies on: "a new rule of constitutional law" (not applicable here), or "a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" *Id*. Further, a petitioner must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id*.

Petitioner has failed to present facts or evidence that entitle him to an evidentiary hearing. Similar to the standard for discovery, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). Petitioner's motion relies on inconsistencies in evidence and testimony, none of which would establish to a "clear and

convincing standard" that no reasonable trier of fact would find him guilty. 28 U.S.C. 2254(e)(2).

## CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's motions for an evidentiary hearing (ECF No. 17), discovery (ECF No. 18), and appointment of counsel (ECF No. 19) are **DENIED.**

The Court also **DECLINES** to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If Petitioner decides to appeal this Court's decision regardless, he may not proceed *in forma pauperis* because an appeal could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: June 30, 2021          s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE